**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:10-CR-00061-MAC** |
| **v.** § | |
| § | |
| § | |
| **BRAD WAYNE KEATON** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 8, 2018, alleging that the Defendant, Brad Wayne Keaton, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Brad Wayne Keaton was sentenced on February 25, 2011, before The Honorable Ron Clark, of the Eastern District of Texas, after pleading guilty to the offense of possession of ammunition by a felon, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Brad Wayne Keaton was subsequently sentenced to 90 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial

disclosure to monitor employment; drug treatment; home detention for 180 days; and a $100 special assessment.

## II. The Period of Supervision

On June 9, 2017, Brad Wayne Keaton completed his period of imprisonment and began service of the supervision term.

On October 11, 2017, his conditions of supervision were modified to remove the condition for electronic monitoring and added a condition for 180 days placement in a residential reentry center.

On November 29, 2017, Brad Wayne Keaton's original term of supervised release was revoked. He was subsequently sentenced to 6 months' imprisonment, which included 179 days of unserved community confinement, followed by 30 months of supervised release.

On April 3, 2018, he completed his period of imprisonment and began service of the subsequent term of supervision.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising two allegations. The petition alleges that Brad Wayne Keaton violated the following conditions of release:

> Allegation 1. The defendant shall notify the probation officer ten days prior to any change of residence or employment.
>
> Allegation 2. The Defendant reside in a residential reentry center or similar facility, in a community corrections component, for a period of 120 days to commence immediately. You shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

### IV. Proceedings

On June 8, 2018, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced that the Defendant agreed to plead "true" to the first allegation that claimed he failed to notify the probation officer at least ten days prior to any change in residence or employment. However, there was no agreement as to a recommended disposition regarding the revocation. The Government argued that the Defendant should serve a term of imprisonment of 14 months' imprisonment, which shall include 109 days' unserved community confinement, with no supervised release to follow. The Defendant argued that his supervised release should be reinstated or that he receive a term of imprisonment below the guideline range.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony,

more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to notify the probation officer at least ten days prior to any change in residence or employment, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to notify the probation officer at least ten days prior to any change in residence or employment. Based upon the Defendant's plea of "true" to this allegation

of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and this is the second time that he has demonstrated an unwillingness to adhere to conditions of supervision. The Defendant left the halfway house he was required to attend under his conditions of supervision and did not return for over two months. He also admitted to drug use during these two months of evasion.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 14 months, with no term of supervised release to follow (which includes 109 days of unserved community confinement converted to an equivalent term of imprisonment).

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to notify the probation officer at least ten days prior to any change in residence or employment. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 14 months' imprisonment, with no term of supervised release to follow (which includes 109 days' unserved community confinement converted to an equivalent term of imprisonment). The Defendant requested to serve his prison term at the Federal

Correctional Institution in Coleman, Florida. The Defendant's request should be accommodated, if possible.

### VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of June, 2018.

_____
Zack Hawthorn
United States Magistrate Judge